# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL R. CASTILLO,<br><br>              Plaintiff,<br>     v.<br><br>JOHN SKOBA, Vice President of Aurora Loan Services, LLC, et al.,<br><br>              Defendant. | Case No. 10cv1838 BTM (WMc)<br><br>**ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff filed his Complaint, which alleges a variety of federal and state claims, on September 3, 2010 and simultaneously moved for a temporary restraining order enjoining the sale of his home at a foreclosure sale. The foreclosure sale is scheduled for September 15, 2010.

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Natural Res. Def. Council, Inc.*, __ U.S. __, 129 S. Ct. 365, 375-76 (2008). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.*

Plaintiff has not met his burden of proving that he will likely succeed on the merits. His main argument in support of stopping the foreclosure sale is that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") did not have the authority to transfer the

promissory note to the note's current holder.

Plaintiff executed the promissory note, which was secured by a deed of trust on his home, in September 2005. MERS was the beneficiary under the deed of trust, acting as nominee for the lender, Home Loan Specialists, Inc. MERS later transferred its beneficial interest from MERS, as nominee to Home Loan Specialists, to Defendant Aurora Loan Services, Inc. Plaintiff argues that because MERS was merely the nominee, it did not have the authority to transfer the beneficial interest in the deed of trust to Aurora.

But contrary to Plaintiff's contention, a typical deed of trust give MERS the power to assign the beneficial interest as nominee.[1] *See Wurtzberger v. Resmae Mortg. Corp.*, 2010 WL 1779972, * 3–4 (E.D. Cal. Apr. 29, 2010) (explaining that since the Deed of Trust named MERS as the beneficiary it had the right to foreclose and the authority to assign its beneficial interest under the deed of trust); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188-90 (N.D. Cal. 2009) (holding that pursuant to the plain terms of the Deed of Trust and § 2924, MERS had a right to conduct the foreclosure process); *Santarose v. Aurora Bank FSB*, 2010 WL 2232819, at * 5 (S.D. Tex. June 2, 2010) ("By the plain language of the Deed of Trust, MERS had the right to foreclose the property."). Here, Plaintiff has only attached two pages of the deed of trust to his motion and does not include the portion of the deed of trust discussing the transfer of the beneficial interest. Plaintiff has therefore failed to meet his burden of showing that the deed of trust does not give MERS the power to transfer the beneficial interest.

Plaintiff also contends that MERS did not have the authority to assign the note to its current holder, which is Defendant Aurora Loan Services. But Plaintiff has not submitted any evidence that MERS itself was the one who assigned the note. Nor has he submitted any

---

[1] California Civil Code §§ 2924-2924k provide a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Within this framework, nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder. Cal. Civ. Code § 2924(a)(1). No less than three months after the filing of the notice of default, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take the sale." Cal. Civ. Code § 2924(a)(3).

1 evidence showing that the assignment to Aurora never occurred or was somehow invalid.

2 The Court also rejects Plaintiff's argument that because the note and the deed of trust have been split, meaning that they are owned by two separate entities, they are both invalid. Even assuming Plaintiff is correct that splitting the note and deed invalidates them, Plaintiff has not submitted any evidence showing that they have been split.

For these reasons Plaintiff has failed to show he is likely to succeed on the merits and the Court **DENIES** his motion for a temporary restraining order.

**IT IS SO ORDERED.**

DATED: September 7, 2010

Honorable Barry Ted Moskowitz
United States District Judge