1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| PAUL R. CASTILLO,<br><br>                    Plaintiff,<br>v.<br><br>JOHN SKOBA, Vice President of Aurora Loan Services, LLC, et al.,<br><br>                  Defendants. | Case No. 10cv1838 BTM<br><br>**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED** |
|---|---|

      Plaintiff brings a second motion for a temporary restraining order to enjoin the foreclosure sale of his home.  For the reasons set forth below, this motion is **GRANTED**. **Defendants are ordered to show cause**, no later than October 22, 2010, why a preliminary injunction should not restrain sale until termination of this case.  In order for the injunction to remain in effect, Plaintiff must make monthly security payments, described below. Assuming Plaintiff meets this obligation, the temporary restraining order will remain in place until the Court adjudicates whether a preliminary injunction should issue.

### I.  FACTS

      Plaintiff Paul R. Castillo resides at 1924 Rees Road in San Marcos, California.  On September 23, 2005, Plaintiff obtained a $388,000 adjustable rate mortgage loan from Home Loan Specialists and executed a deed of trust to secure that loan to United Title Company as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the

lender and beneficiary. (Exh. 1 & Exh. 2 to Second Motion for TRO) On May 20, 2010, Aurora Loan Services ("Aurora") care of Cal-Western Reconveyance Corporation ("Cal-Western") recorded a Notice of Default. (Exh. 3)

Despite what may be an attempt to create documentation to the contrary, it does not appear that Aurora or Cal-Western was a trustee or beneficiary on the date the Notice of Default was entered. On June 25, 2010, First American Title Co. recorded a substitution of trustee, whereby MERS substituted Cal-Western as trustee under the deed of trust. (Exh. 4) This document was dated May 17, 2010, but was notarized on June 7, 2010. (*Id.*) On June 8, 2010, MERS assigned its beneficial interest to Aurora with a purported effective date of May 18, 2010.[1] (Exh. 6) Plaintiff contends that there will be a non-judicial foreclosure sale of his residence on October 15, 2010.

## II.  PROCEDURAL HISTORY

Plaintiff filed his Complaint on September 3, 2010 and simultaneously moved for a temporary restraining order enjoining the sale of his home at a foreclosure sale. The Court denied Plaintiff's motion for a temporary restraining order on September 7, 2010 on the ground that Plaintiff failed to show he was likely to succeed on the merits of his claims. [Doc. 4]

Plaintiff represents that the foreclosure sale, which had originally been scheduled on September 15, 2010, has been postponed until October 15, 2010. Plaintiff again moves for a temporary restraining order. In his motion papers, Plaintiff references and includes a forensic report that highlights irregularities in the Notice of Default and assignment of the beneficial interest. (Report at 7, Exh. A & B to Report)

Defendants were provided with notice and an opportunity to be heard on this motion. The Court set a briefing schedule and a hearing date, directing Defendants to respond to the argument that "the Notice of Default may have been filed before the beneficiary had received the assignment." [Doc. 9] Plaintiff provided proof of service by certified mail of the second

---

[1] First American Title Co. recorded this document on June 25, 2010.

motion for a temporary restraining order. [Doc. 8-2] And the Court mailed Defendants the order setting a briefing schedule and also sent this order via fax to two of the Defendants.[2] Nevertheless, Defendants failed to respond to Plaintiff's motion and neither party appeared at the hearing. Defendants have not entered a notice of appearance in this matter. The Court therefore decides Plaintiff's motion on the papers that have been submitted.

### III.  DISCUSSION

A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, __ U.S. __, 129 S. Ct. 365, 375-76 (2008). The latter three elements will be met without difficulty in this case. *See generally Diamond v. One West Bank*, No. CV-09-1593, 2010 U.S. Dist. LEXIS 50627, at *14 (D. Ariz. Apr. 29, 2010). It is clear that Plaintiff will suffer irreparable harm if his residence is sold. Any pecuniary harm that may be suffered by Defendants as a result of the injunction can be counterbalanced by ordering that Plaintiff post a bond. Thus, the balance of equities tips in favor of granting injunctive relief. And, "[t]he public interest is served by affording homeowners the opportunity to pursue facially valid claims before their homes are sold." *Id.*

The Court also concludes that Plaintiff is likely to succeed on the merits of his claim that neither Aurora nor Cal-Western had authority to initiate the foreclosure sale at the time the Notice of Default was entered.[3] Under Cal. Civ. Code § 2924(a)(1), "the trustee, mortgagee, or beneficiary, or any of their authorized agents" are authorized to file a notice

---

[2] The Court obtained the fax numbers of Defendants Aurora and MERS from public records. The Court was unable to locate Cal-Western's fax number.

[3] Plaintiff states in his complaint, "Therefore AURORA LOAN SERVICES has not established that it has standing to initiate a foreclosure in this case." (pg 13) Although the Court disagrees with Plaintiff's stated reasoning for this conclusion, it has "a duty to construe pro se pleadings liberally," *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), and thus will consider whether Aurora had authority to issue the Notice of Default.
Plaintiff also states, "On May 20, 2010 a NOTICE OF DEFAULT was recorded. . . BY CAL-WESTERN RECONVEYANCE CORP. as an UNAUTHORIZED AGENT." (Compl. at 7)  For the same reason, the Court will also consider whether Cal-Western had authority to conduct the foreclosure proceedings.

of default. Documents do not support a finding that either Cal-Western was the trustee or Aurora was the beneficiary on May 20, 2010 when the Notice of Default was recorded.

On a document dated May 17, 2010, MERS substituted Cal-Western as a trustee under the deed of trust. (Exh. 4) If Cal-Western had been trustee at this time, it would have had authority to conduct the foreclosure process. *See* Cal. Civ. Code § 2924(a)(1). However, this document was notarized on June 7, 2010, (*id.*), and thus it appears likely that Plaintiff can succeed on a claim that the substitution occurred no earlier than June 7.

Similarly, on June 8, 2010, MERS, the beneficiary under the deed of trust, executed an assignment of its beneficial interest to Aurora, with a backdated effective date of May 18, 2010. (Exh 6) Based on the face of this document, Plaintiff is likely to prevail on a claim that Aurora did not have authority to record the Notice of Default on May 20, 2010. *See Ohlendorf v. Am. Home Mortg. Servicing*, No. CIV. S-09-2081, 2010 U.S. Dist. LEXIS 31098, at *23 (E.D. Cal. Mar. 30, 2010) (recipient of backdated assignment may not have had authority to record Notice of Default).

The power of sale in a nonjudicial foreclosure may only be exercised when a notice of default has first been recorded.[4] *See* Cal Civ Code § 2924; *see also* 5-123 California Real Estate Law & Practice § 123.01. Here, the Notice of Default appears to be void *ab initio*.[5] Therefore, any foreclosure sale based on a void notice of default is also void. Accordingly, the Court **GRANTS** Plaintiff's motion and enjoins a foreclosure sale based on Defendants' noncompliance with prerequisites to engage in a foreclosure sale set forth in Cal. Civ. Code § 2924.

---

[4] The proper entry of a notice of default triggers a series of statutory requirements that eventually lead to sale: "Three months after the notice of default is recorded, the mortgagee or trustee (or other person authorized to take the sale) must give at least 20 days' notice of the sale of the secured property if the default has not been cured. At the expiration of this notice period, the mortgagee or trustee may sell the secured property, at public auction, to satisfy the delinquent obligation. . . ." 5-123 California Real Estate Law & Practice § 123.01.

[5] Of course, if Defendants can show that either Aurora or Cal-Western was acting as an authorized agent at the time it entered the Notice of Default, then any deficiencies in the assignment of the beneficial interest or substitution of trustee may be rendered moot. *See* Cal. Civ. Code § 2924(a)(1) ("The trustee, mortgagee, or beneficiary, or *any of their authorized agents* shall first file for record. . . a notice of default.") (emphasis added); *Quintero Family Trust v. Onewest Bank, F.S.B.*, No. 09-CV-1561, 2010 U.S. Dist. LEXIS 63659, at *23-25 (S.D. Cal. June 25, 2010).

In order for the injunction to remain in effect, every month (on the fifteenth of the month or the first business day after if the fifteenth falls on a weekend or court holiday), Plaintiff must deposit with the Clerk of the Court payments in cash or certified check of $2,452.42.[6] Each payment must identify this case. If Plaintiff fails to post the security within the required time, Defendants may file a notice notifying the Court of Plaintiff's failure to comply. The deposits shall serve as a bond for the issuance of the temporary restraining order and, if granted, the preliminary injunction. *See* Fed. R. Civ. Pro 65(c). The first payment shall be made on October 15, 2010.

### III. CONCLUSION

It is **ORDERED** that Defendants and Defendants' officers, agents, employees, and those acting with knowledge of this Order be enjoined from selling the property known as 1924 Rees Road in San Marcos, California at foreclosure sale. This injunction shall remain in effect as long as Plaintiff posts monthly security payments in the registry of the Court.

Defendants' failure to comply with this Order shall be treated as a contempt of court. Plaintiff shall forthwith provide notice of this order by serving all Defendants.

**IT IS SO ORDERED.**

DATED: October 8, 2010
       4:40 p.m.
       San Diego, California

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge

---

[6] This amount represents the regular monthly payments that are owed on the note, which is secured by the deed of trust. The Court will entertain motions to adjust the security payment if $2,452.42 does not reflect the current monthly payments that Plaintiff owes on the property.