# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL R. CASTILLO, | Case No. 10cv1838 BTM |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR WAIVER OF SECURITY PAYMENTS** |
| v. | |
| JOHN SKOBA, Vice President of Aurora Loan Services, LLC, et al., | |
| Defendants. | |

On October 8, 2010, the Court granted Plaintiff's motion for a temporary restraining order. (Dock. 14)  In order for this injunction to remain in effect, the Court ordered Plaintiff to deposit with the Clerk of the Court monthly security payments of $2,452.52, representing the regular monthly payments that are owed on the note, which is secured by the deed of trust.  Plaintiff now moves to have this requirement to post security payments waived or to have payments set at a nominal amount.  For the reasons that follow, this motion is **DENIED**.

In its October 8 Order, the Court stated that it would entertain motions to adjust the security payment if $2,452.42 does not reflect the current monthly payments that Plaintiff owes on the property.  Plaintiff does not challenge the amount of payment on this ground.  Instead, Plaintiff argues that because he is indigent, he should be excused, altogether, from the Fed. R. Civ. P. 65(c) requirement that he must post a security payment in order for the court to issue a temporary restraining order.

Although the Court may have discretion to waive the security requirement, *see V.L.*

*v. Wagner*, 669 F. Supp. 2d 1106, 1123 (N.D. Cal. 2009), the Court declines to do so here because neither the equities nor the public interest favors allowing Plaintiff to live rent-free until the termination of his case.  Plaintiff retains an independent, contractual obligation to repay his mortgage loan.  The Court set his security payment at the same amount as would be required to fulfill this obligation, and thus, the Court does not impose a new burden on Plaintiff in exchange for entering a temporary restraining order.

Defendants, on the other hand, would likely face pecuniary harm if Plaintiff is not obligated to post bond because of their ultimate ability to exercise power of sale over Plaintiff's property.  Although it appears that neither Aurora nor Cal-Western had authority to initiate the foreclosure sale at the time the Notice of Default was entered, documents indicate that as of June 8, 2010, Cal-Western had been substituted as trustee under the deed of trust (Exh. 4) and Aurora had been assigned MERS' beneficial interest (Exh. 6). Accordingly, it is likely that Defendants currently have authority to enter a Notice of Default, which triggers statutory requirements that eventually lead to foreclosure sale.[1]  *See* Cal. Civ. Code § 2924; § 2924b(b)(2); § 2924f(b); § 2924g(a).  Thus, even if the Notice of Default at issue in this case is void *ab initio*, Defendants would not be permanently precluded from conducting a foreclosure sale if Plaintiff's default is not cured and Defendants comply with statutory requirements governing nonjudicial foreclosures.  The Court rejects Plaintiff's attempt to live rent-free until that date.

In light of the fact that Plaintiff's motion to waive the security deposit was received on October 14, 2010[2]–one day before the first security payment was due, the court hereby

---

[1] Plaintiff's argument that MERS did not have the authority to assign the beneficial interest lacks merit.  (*See* Order RE Motion For Temporary Restraining Order, Dock. 4 at 2; *see also Benham v. Aurora Loan Services*, No. C-09-2059, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) ("[A]s the beneficiary under the Deed of Trust, it is clear that MERS. . . had the authority to assign its beneficial interest."); *Wurtzberger v. Resmae Mortg. Corp.*, No. 09-cv-01718, 2010 U.S. Dist. LEXIS 51751, at *9 (E.D. Cal. Apr. 29, 2010) (same); *Pok v. Am. Home Mortg. Servicing, Inc.*, No. 2:09-2385, 2010 U.S. Dist. LEXIS 9016, at *9-10 (E.D. Cal. Feb. 2, 2010) (same); *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191 (E.D. Cal. 2009) (same); *Waqavesi v. Indymac Fed. Bank, FSB*, No. 09-01601, 2009 U.S. Dist. LEXIS 105555, at *11 (E.D. Cal. Nov. 11, 2009) (same); *Baisa v. Indymac Fed. Bank*, No. 09-1464, 2009 U.S. Dist. LEXIS 103444, at *8-9 (E.D. Cal. Nov. 5, 2009) (same))

[2] This document was received with discrepancies and was filed *nunc pro tunc* on October 18, 2010.

1  revises its October 8 Order to allow first payment of Plaintiff's bond to be made on October
2  25, 2010.  All other language in this Order is unchanged.  As before, in order for the
3  temporary restraining order or, if appropriate, a preliminary injunction to remain in effect,
4  Plaintiff must deposit with the Clerk of the Court monthly payments of $2,452.42 on the
5  fifteenth of the month or the first business day after if the fifteenth falls on a weekend or court
6  holiday (as noted above, first payment will be made on October 25; payments on the fifteenth
7  of the month will begin in November).  If Plaintiff fails to post the security within the required
8  time, Defendants may file a notice notifying the Court of Plaintiff's failure to comply.

10 **IT IS SO ORDERED.**

11 DATED:  October 21, 2010

13 Honorable Barry Ted Moskowitz
United States District Judge