# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL R. CASTILLO,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JOHN SKOBA, et al.,<br>　　　　　　　　　　Defendant. | Case No. 10cv1838 BTM<br><br>**ORDER DENYING MOTION FOR RELIEF FROM ORDER LIFTING INJUNCTION ON FORECLOSURE SALE** |

Plaintiff moves for relief from the Court's Order Lifting Restraint on Foreclosure Sale of his home and seeks reinstatement of this injunction. For the reasons that follow, this motion is **DENIED**.

## I. BACKGROUND

The Court granted Plaintiff's motion for a temporary restraining order to enjoin foreclosure sale of his home. [Doc. # 14] In order for this injunction to remain in effect, Plaintiff was required to post monthly security payments of $2,452.42, representing regular monthly payments he owes on the property. Soon after, the Court denied Plaintiff's motion have this requirement to post security payments waived. [Doc. # 21] Because Plaintiff failed to post any security payments with the Clerk of the Court in compliance with Court order, the Court vacated the injunction. [Doc. # 37] Plaintiff represents that foreclosure sale is now scheduled for January 11, 2011.

## II. DISCUSSION

Plaintiff asserts three reasons why the injunction should be reinstated, not

withstanding the fact that Plaintiff has failed to post any security payments: (1) Defendants lack standing to foreclose; (2) the Court has not commented on all of the arguments raised in a forensic examiner's report filed as an exhibit to the second motion for a temporary restraining order; and (3) bond is not required because the amount owed is in dispute. None of these reasons are persuasive.

A. <u>Standing</u>

In granting Plaintiff's motion for a temporary restraining order, the Court held that there was a likelihood that Plaintiff would succeed on the merits of his claim that neither Aurora nor Cal-Western had authority to initiate the foreclosure sale at the time the Notice of Default was entered. Specifically, the Court noted that Defendants Aurora and Cal-Western did not appear to be the trustee, beneficiary, or an authorized agent at that time. Thus, the Court concluded that the Notice of Default appeared to be void *ab initio*, rendering any foreclosure sale based on this notice of default also void.

In response, Aurora asserts that it was the authorized agent of the lender at the time the Notice of Default was entered. [Doc. #22 at 5] It declares that "[p]ursuant to the Master Servicing Agreement that Aurora entered into with the lender of the Subject Loan, Aurora is authorized to service the loan, and take all actions necessary to enforce and protect the lender's rights under the Note and Deed of Trust." (Zimmerman Decl. ¶ 8) Assuming that this servicing agreement was in effect at the time the Notice of Default was entered, the notice of default would be valid, providing Defendants with standing to foreclose. *See* Cal. Civ. Code § 2924(a)(1); *Beall v. Quality Loan Serv. Corp.*, No. 10-CV-1900, 2010 U.S. Dist. LEXIS 96846, at *3-5 (S.D. Cal. Sept. 16, 2010).[1]

Regardless, the Court was aware of the possibility that Defendants would not have standing to foreclose when it denied Plaintiff's motion to waive security payments. As noted in that order, it is likely that Defendants presently have authority to enter a new Notice of

---

[1] Aurora does not attach a copy of this agreement as an exhibit to its filings. Without a copy of this agreement, the Court is unwilling to definitively conclude that Aurora was an authorized agent of the mortgagee and thus had authority to enter the Notice of Default at issue in this case.

Default, which triggers statutory requirements that eventually lead to foreclosure sale. The Court required posting of bond because even if the Notice of Default at issue in this case is void *ab initio*, Defendants would not be permanently precluded from conducing a foreclosure sale. Then, as now, the Court rejects Plaintiff's attempt to avoid his independent, contractual obligation to repay his mortgage loan.

B. <u>Forensic Report</u>

Plaintiff contends that the injunction cannot be lifted until the Court addresses allegations of violations of state and federal law found in a forensic examiner's report attached to Plaintiff's second motion for a temporary restraining order. Notwithstanding the fact that many of these allegations are nowhere to be found in the text of Plaintiff's motion, such allegations are not responsive to the issue of whether the injunction against foreclosure sale should be reinstated. The Court lifted the injunction because Plaintiff failed to post bond in compliance with Court order. Plaintiff can point to no state or federal law that would bestow upon Plaintiff the right to live rent-free. Regardless of the basis for an injunction, the Court would require payment of bond for the reasons stated in the Order Denying Plaintiff's Motion for Waiver of Security Payments.

C. <u>Amount Owed</u>

Plaintiff asserts that he should be excused from payment of bond because "the amount owed is in dispute." Plaintiff was given a mechanism to challenge the amount of security payment owed each month. (*See* Doc. # 14 (stating that the Court would entertain motions to adjust the security payment if $2,452.42 does not reflect the current monthly payments that Plaintiff owes on the property)) Plaintiff chose not to utilize this mechanism, but instead contended that he should be excused, altogether, from the Fed. R. Civ. P. 65(c) requirement that he must post a security payment. The Court reiterates that payment of bond was required for the injunction to remain in effect. Plaintiff asserting that the "amount owed is in dispute" does not relieve him of this obligation.

### III. **CONCLUSION**

Therefore, Plaintiff's motion for relief from the Court's Order Lifting Restraint on Foreclosure Sale is **DENIED**. The injunction enjoining foreclosure sale of Plaintiff's home

remains vacated.

**IT IS SO ORDERED.**

DATED: January 7, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge