# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL R. CASTILLO,<br><br>                          Plaintiff,<br>v.<br>JOHN SKOBA, Vice President of Aurora Loan Services, LLC, et al.,<br><br>                        Defendants. | Case No. 10cv1838 BTM<br><br>**ORDER RE MOTION TO DISMISS** |

Defendants Aurora Loan Services, LLC, and John Skoba move to dismiss Plaintiff's complaint.[1] For the reasons set forth below, the Court **DISMISSES** Plaintiff's federal RICO claims and declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims.[2]

## I. DISCUSSION

Defendant's complaint does not assert any basis for federal jurisdiction. *See* Compl. at 2-3. Defendant has attempted to assert a RICO claim, and the Court has jurisdiction over such a claim under 28 U.S.C. § 1331. However, as discussed herein, the Court concludes

---

[1] A description of the facts of this case is set forth in the Court's order granting Plaintiff's second motion for a temporary restraining order. [Doc. # 14]

[2] Contrary to Plaintiff's position, Defendants' motion to dismiss is not untimely. "This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed." *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988). The instant motion is the first responsive pleading filed by Defendants.

that Plaintiff has failed to assert facts sufficient to sustain this claim.

Plaintiff alleges Civil RICO predicate acts that include (1) collection of unlawful debt based on Plaintiff's theory that only 1/8th of the loan was provided in "actual" money due to "Fractional Reserve banking practices" and that therefore the interest rate charged was at least eight times the amount agreed to in the mortgage contract (Compl. at 15, 18); and (2) a scheme to trick the public into "believ[ing[ that they were being loaned real money." (Compl. at 15, 25) Such allegations have been referred to as the "vapor money" theory. *See Davis v. Citibank West, FSB*, 10-CV-04477-LHK, 2011 U.S. Dist. LEXIS 30861, at *11 (N.D. Cal. Mar. 24, 2011). This theory has been repeatedly rejected by courts throughout the country. *See id.* at *11-12 (listing cases); *Kuder v. Wash. Mut. Bank*, No. CIV S-08-3087, 2009 U.S. Dist. LEXIS 78924, at *7-8 (E.D. Cal. Sept. 1, 2009) (listing cases). To the extent Plaintiff is also basing his RICO claim on allegations that Defendants are engaged in a broad conspiracy to "to submerge the common people in a mountain of perpetual and unpayable debt," (compl. at 24), such allegations are wholly unsupported with facts or a legal basis to support a claim. Plaintiff's federal RICO claim is therefore **DISMISSED**. Given the obvious deficiencies and frivolous nature of Plaintiff's RICO claim, the Court finds leave to amend futile. *See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

Plaintiff's remaining case law claims are sufficiently related to the federal RICO claim "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction).

The Court declines to exercise supplemental jurisdiction here. State law claims are the only claims that remain, and these state claims substantially predominate over the claims over which the court had original jurisdiction. *C.f. Ravlov v. IndyMac Bank/One West Bank*, No. 10-cv-00752 WBS KJN, 2010 U.S. Dist. LEXIS 94282, at *5 (E.D. Cal. Sept. 8, 2010). The heart of Plaintiff's complaint rests on the issue of whether Defendants engaged in a

procedurally improper foreclosure process. The non-judicial foreclosure process in California is based in state law, and it is appropriate to direct Plaintiff's claims, should he choose to pursue them, to state court. *See Vertkin v. Wells Fargo Home Mortg.*, No. C 10-0775 RS, 2011 U.S. Dist. LEXIS 48081, at *15 (N.D. Cal. Jan. 18, 2011). Accordingly, Plaintiff's state law claims are **DISMISSED** without prejudice.

## II. CONCLUSION

Plaintiff's Federal RICO claim is **DISMISSED** without leave to amend. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims. These claims are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

DATED: May 25, 2011

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge